UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                            Case No. 17-cr-88-pp

SHUMOND M. LONG,

    Defendant.

**ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISION (DKT. NO. 21)**

On October 20, 2010, after he pled guilty to distributing five grams or more of cocaine base, Judge Barbara Crabb sentenced the defendant to serve eighty-four months in custody and four years of supervised release. Dkt. No. 1-1. The defendant began his term of supervised release on October 26, 2015. Dkt. No. 8 at 1. On May 8, 2017, Judge Crabb modified the defendant's conditions of supervise release to include a condition that he have no contact with his ex-wife. Id. at 2. Approximately a week later, this court accepted jurisdiction over the defendant's supervised release. Dkt. No. 2. Since then, this court allowed him to travel to Michigan to attend his son's middle school graduation, dkt. no. 4, but only a month later, had to issue a warrant for his arrest because he violated a number of conditions (including allegations of domestic violence, receiving a traffic citation, violating the no-contact order with his ex-wife, failure to attend his batterer's intervention program, a missed

1

drug test, moving without notifying his supervising agent and violating the conditions of location monitoring), dkt. no. 5. On July 21, 2017, the court revoked the defendant's supervised release, sentencing him to thirty days in custody (with credit for time served) and two years of supervised release. Dkt. No. 12. His new two-year term of supervision started on August 10, 2017. Dkt. No. 23 at 2.

Only two weeks later, the defendant asked the court to remove the condition that he have no contact with his ex-wife. Dkt. No. 15. The court denied that request. Dkt. No. 19. On October 12, 2017, the defendant's supervising officer recommend that the court remove that condition, explaining that the couple had been attending marriage counseling and that they were trying to co-parent; they also had a safety plan in case issues arose. The court removed the condition. Dkt. No. 20.

A little over six months later, on April 30, 2018, the defendant filed this motion for early termination of supervised release. Dkt. No. 21. He explained that he had stayed "on a positive road," and that he and his ex-wife wanted to relocate to Port Richey, Florida, remarry, start a new life and raise their children. Id. The defendant expressed confidence in his ability to handle difficult situations and said he would like to "start fresh" in a new state. Id.

The government and probation oppose the motion. The government notes that the court had revoked the defendant only ten or eleven months earlier. Dkt. No. 23. The government acknowledged that during that time, the defendant had not committed any new offenses and had reconciled with his ex-

wife, but observed that his prior history of violence against his ex-wife and other romantic partners was concerning. Dkt. No. 23 at 3. The government noted that it was good that the defendant had not demonstrated any violence against his ex-wife in the last ten or so months, but argued that this was not sufficient to justify terminating his supervised release over a year early. The government also pointed out that the defendant had done nothing extraordinary; he simply had complied with the conditions that the court had imposed, which the court expects all defendants to do. Id.

The probation office recited the standard for early termination of supervised release, and noted that the defendant had not yet served half of his term of supervision. Dkt. No. 24. The probation officer suggested that if the defendant had a reasonable plan for relocating to Florida, he could submit that plan to the supervising agent, who could find out whether the Florida probation office would be willing to accept supervision. Id.

Under 18 U.S.C. §3583(e)(1), a district court may terminate a defendant's supervised release after the defendant has served at least one year if, "after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)," the court finds that early termination is "warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. §3583(e)(1). In United States v. O'Hara, Case No. 00–cr–170, 2011 WL 4356322 (E.D. Wis. Sept. 16, 2011), another judge in this district considered that law, and summarized its three requirements:

(1) the defendant has served at least one year of supervision;

3

> (2) the government is given notice and an opportunity to be heard; and
>
> (3) termination is in the interest of justice based on the pertinent § 3553(a) factors and the defendant's conduct.

United States v. O'Hara, No. 00–CR–170, 2011 WL 4356322, at *3 (E.D. Wis. Sept. 16, 2011) (citing United States v. Medina, 17 F. Supp.2d 245, 245–46 (S.D.N.Y. 1998) and United States v. Lowe, 632 F.3d 996, 998–99 (7th Cir. 2011)). While noting that district courts "possess[ ] wide discretion in making [the] determination [whether to terminate supervised release early,]" the O'Hara court recounted that courts have held "that the conduct of the defendant necessary to justify early termination should include more than simply following the rules of supervision; otherwise, every defendant who avoided revocation would be eligible for early termination." O'Hara, 2011 WL 4356322, at *3 (collecting cases). The defendant carries the burden of proving that he has done more than just follow the rules. Id., citing United States v. Hook, 471 F.3d 766, 771 (7th Cir. 2006). The district court need not make explicit findings on each of the relevant §3553(a) factors, but it must give some indication that it considered those factors. See Lowe, 632 F.3d at 998, citing United States v. Carter, 408 F.3d 852, 854 (7th Cir. 2005); United States v. Hale, 107 F.3d 526, 530 (7th Cir. 1997); and United States v. Nonahal, 338 F.3d 668, 671 (7th Cir. 2003).

It is too soon for this court to consider early termination for the defendant—he has not yet served one year of his two-year term of supervised release. More than that, however, the defendant has not demonstrated that the

4

§3553(a) factors weigh in favor of early termination. The first factor is the nature and circumstances of the offense that caused the court to revoke the defendant. That factor weighs against the defendant. The court revoked him in July of last year because he had many violations, including an allegation that he had physically assaulted his ex-wife. He had moved without letting his probation officer know, violated the no-contact order that Judge Crabb had impose and missed sessions of his Batterer's Intervention treatment. The fact that this court revoked the defendant, and sentenced him to serve time in custody, is an indicator of how seriously the court took the offenses. The second factor is the history and characteristics of the defendant. This factor does not weigh in favor of early termination, either. As the government has noted, the defendant has a history of violence toward romantic partners. And his history of complying with the conditions of supervised release during his first term was not encouraging.

 The §3553(a) factors also encourage courts to consider, when they impose a sentence, making sure that the sentence is sufficient to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment, to deter future criminal conduct, to protect the public and to provide defendants with needed services. When the court sentenced the defendant to serve two years of supervised release after it revoked him, it did that with those factors in mind. The two-year term of supervised release is part of the defendant's punishment for the violations that caused the court to revoke his release in the first place. For the court to impose a two-year release

term, and then terminate it less than halfway through, would depreciate the seriousness of his failure to abide by the conditions of his first term of release.

The court is very glad to hear that the defendant believes his relationship with his ex-wife has improved so much that they may remarry. The court ordered the defendant to participate in a mental health treatment program as a condition of his release—the court assumes that the defendant has been doing that regularly. The court encourages the defendant to continue his positive relationship work, and to speak with his probation officer if he is serious about transferring his supervision to Florida.

The court **DENIES WITHOUT PREJUDICE** the defendant's motion for early termination of supervised release. Dkt. No. 24.

Dated in Milwaukee, Wisconsin this 12th day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**
